## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) CHRISTOPHER SMOAK, an individual residing in California,<br><br>  Plaintiff,<br><br>vs.<br><br>(1) BITCOIN MARKET, LLC, an Oklahoma limited liability company; (2) DUSTIN W. DOLLAR, an individual residing in Oklahoma; and (3) TIFFANY DOLLAR, an individual residing in Oklahoma,<br><br>  Defendants. | Case No. CIV-18-1096-PRW |

### DEFENDANTS' MOTION TO CLARIFY THE COURT'S ORDER GRANTING DEFAULT JUDGMENT TO PLAINTIFF AND BRIEF IN SUPPORT

COMES NOW, Defendants, Bitcoin Market, LLC, Dustin W. Dollar, and Tiffany Dollar ("Defendants), by and through their undersigned counsel of record, David J. Looby, and respectfully submits this Motion to Clarify the Court's Order awarding default judgment to Plaintiff on July 24, 2019. In support thereof, Defendants would show the Court as follows:

1. This diversity action was initiated on November 7, 2018 by Plaintiff Christopher Smoak, an individual residing in California, asserting a claim against Defendants for breach of contract.

2. Plaintiff subsequently filed two (2) Amended Complaints, on November 8, 2018 and January 14, 2019, that added or removed certain factual allegations with respect to the transaction at issue. However, both amended complaints continued to assert only one (1)

1

cause of action against Defendants for breach of contract related to a bitcoin investment made by Plaintiff with Bitcoin Market, LLC.

3. Defendants appear to have been properly served with the original Complaint as well as each subsequent Amended Complaint. Defendants did not answer or otherwise respond to any of the complaints filed with the Court.

4. On May 21, 2019, Plaintiff filed a Motion for Entry of Default Judgment (the "Motion") against Defendants asking the Court to award him damages in the amount of $626,275.00, as well as reasonable attorneys' fees (Dkt. 26).

5. On May 23, 2019, the Court entered an Order setting the Motion for hearing on July 23, 2019 in order to establish (1) the existence and contents of the alleged contract, including the fee shifting provision, and (2) the amount of damages, fees, and cost to which Plaintiff was entitled (Dkt. 27).

6. On July 23, 2019, the Court held an evidentiary hearing on the Motion and entered a Minute Order taking the matter under advisement (Dkt. 29).

7. Thereafter, on July 24, 2019, the Court entered an Order granting the Motion and awarding default judgment against Defendants, in the amount of $723,143.50. The Court determined the amount of damages by valuing the bitcoin that Plaintiff should have received as of the date of the entry of judgment; plus the initial investment made to Defendants. The Court also found that Plaintiff was not entitled to any lost profits, attorneys' fees or costs with respect to his breach of contract claim. However, the Court did not award post-judgment interest and was silent as to the statutory rate of interest that was to apply to the judgment until it was satisfied (Dkt. 30).

8. That same day, the Court entered a separate Default Judgment in favor of

Plaintiff and against Defendants memorializing the damages award set forth in the Order. The Default Judgment also did not award post-judgment interest and did not reference the statutory rate of interest that was to accrue on the judgment (Dkt. 31).

9. On September 13, 2019, Plaintiff recorded a Statement of Judgment with the Lincoln County Clerk's Office with respect to the default judgment entered in this matter. Therein, Plaintiff stated that "interest on the judgment began accruing on July 24th, 2019 at the statutory rate for 2019 then accruing pursuant to Title 12 O.S. § 727.1 until the judgment was paid in full." *See* Ex. 1, Statement of Judgment – Lincoln County.

10. On May 14, 2024, Plaintiff renewed its judgment with the Court by filing a Notice of Renewal of Judgment. Therein, Plaintiff reaffirmed that the judgment awarded on July 24, 2019 excluded applicable post-judgment statutory interest (Dkt. 33).

11. Subsequently, on May 16, 2024, Plaintiff recorded a Renewal of Statement of Judgment with the Pottawatomie County Clerk's Office. Once again, Plaintiff set forth that that "interest on the … judgment began accruing on July 24, 2019, at the statutory rate for the year 2019, then continuing to accrue each year thereafter and until present date, pursuant to Okla. Stat. tit. 12, § 727.1." *See* Ex. 2, Renewal Statement of Judgment – Pottawatomie County.

12. Defendants have retained undersigned counsel to assist with resolving this matter and satisfying the default judgment. However, there is a concern that the proper rate of post-judgment statutory interest is not being applied to the judgment. Defendants assert that any accrued post-judgment interest should be based on the federal interest rate set by 28 U.S.C. § 1961 rather than the higher state rate authorized under 12 O.S. § 727.1. Since the Order and Default Judgment entered by this Court did not award post-judgment interest nor

3

set the applicable statutory rate of interest, Defendants seek clarification pursuant to Fed. R. Civ. P. 60(a).

## ARGUMENT AND AUTHORITIES

The Tenth Circuit has held, pursuant to Rule 60(a), that clerical mistakes in judgments may be corrected by the court at any time. *See Morrison Knudsen Corp. v. Ground Improve. Techniques, Inc.*, 532 F.3d 1063, 1085 (10th Cir. 2008). Rule 60(a) provides that a "court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice." Fed. R. Civ. P. 60(a). This rule is broadly construed to address a wide variety of situations and has been used by the courts to substantially modify judgments, including those that omit an award of post-judgment statutory interest or fail to set the proper interest rate thereon. *See* 11 Wright & Miller, FEDERAL PRACTICE AND PROCEDURE (3d ed.) § 2854. For example, the Tenth Circuit has expressly found that where "the [post-judgment] rate is not specified, the court may specify, in response to a Rule 60(a) motion, the appropriate rate at any time." *McNickle v. Bankers Life & Cas. Co.*, 888 F.2d 678, 682 (10th Cir. 1989). Moreover, the Tenth Circuit has further held that "[p]ostjudgment interest from the entry of the district court's judgment is mandatory." *Bancamerica Commercial Corp. v. Mosher Steel of Kansas, Inc.*, 103 F.3d 80, 81 (10th Cir. 1996); *see also In re Frigitemp Corp.*, 781 F.2d 324, 327 (2d Cir. 1986) (holding that a Rule 60(a) motion may be granted "where the judgment has failed to include an amount of interest that the governing law requires to be automatically included in the judgment."). Thus, the failure to provide for post-judgment interest and specify the governing interest rate constitutes a "mistake arising from oversight or omission" that this Court may clarify under

4

Rule 60(a). *See Morrison Knudsen Corp.*, 532 F.3d at 1085 (holding that any clerical errors found in the award of post-judgment interest may corrected under Rule 60(a)).

Defendants do not dispute that Plaintiff is entitled to post-judgment interest and that it continues to accrue until the judgment is satisfied. However, Defendants specifically dispute that the higher rate of interest authorized under 12 O.S. § 727.1 applies to the judgment as set forth by Plaintiff in the Renewal of Statement of Judgment recorded in Pottawatomie County on May 16, 2024. The Tenth Circuit has unequivocally held that where, as here, the court's jurisdiction is premised on diversity, an award of post-judgment interest is determined by federal law – specifically, by 28 U.S.C. § 1961. *See Youngs v. American Nutrition, Inc.*, 537 F.3d 1135, 1146 (10th Cir. 2008) (finding that in a diversity action the post-judgment rate is set by federal law); *see also Everaard v. Hartford Acc. & Indem. Co.*, 842 F.2d 1186, 1193-94 (10th Cir. 1988) (applying the federal post-judgment rate under 28 U.S.C. § 1961 in a diversity action rather than the higher state rate authorized under Okla. Stat. tit 12, § 727).

Section 1961(a) provides that "[i]nterest *shall* be allowed on any money judgment in a civil case recovered in a district court." 28 U.S.C. § 1961(a) (emphasis added). Thus, the plain language of the statute dictates that "[f]ederal law sets the rate at which postjudgment interest accrues on civil judgments in federal court." *Mid Atlantic Capital Corp. v. Bien*, 956 F.3d 1182, 1208 (10th Cir. 2020). Other than cases where the parties "clearly, unambiguously, and unequivocally contract for a different postjudgment interest rate," the Tenth Circuit has repeatedly held that post-judgment interest should be calculated in accordance with § 1961. *Id.* at 1209; *Youngs*, 537 F.3d at 1146. Post-judgment interest is calculated "from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the

5

Federal Reserve System, for the calendar week preceding the date of the judgment." 28 U.S.C. § 1961(a). This interest is to be "computed daily to the date of payment …, and shall be compounded annually." *Id.* § 1961(b).

Based on these authorities, it is clear that the federal post-judgment interest rate under § 1961 applies to Plaintiff's judgment. No exception is applicable as the parties did not clearly and unambiguously contract for a different post-judgment interest rate. The higher state rate under § 727.1 simply does not apply to the judgment as contended by Plaintiff in the Renewal of Statement of Judgment. Since post-judgment interest on the balance began accruing on July 24, 2019 – the date the Court entered its Order and Default Judgment, it is necessary to determine the applicable rate in effect for the week preceding the date of that judgment. The rate set by the Board of Governors of the Federal Reserve System on July 19, 2019 (the week preceding the date of judgment), was 1.95% per annum. *See* <https://www.casb.uscourts.gov/sites/casb/files/historic_rates.pdf> (accessed Oct. 7, 2024); *see also* Ex. 3, Post-Judgment Interest Rates - 2019. Accordingly, Defendants respectfully request that this Court, pursuant to Fed. R. Civ. P. 60(a), clarify its Order and Default Judgment to reflect a post-judgment statutory interest rate of 1.95% on the award of $723,143.50 accumulating from July 24, 2019 until paid in full.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court GRANT their Motion to Clarify the Court's Order; enter a post-judgment interest rate of 1.95% on the award of $723,143.50 accumulating from July 24, 2019 until paid in full pursuant to Rule 60(a); and all such other and further relief as this Court may deem just and proper.

Respectfully submitted,

/s/ David J. Looby
David J. Looby, OBA #20756
CONNER & WINTERS, LLP
1700 One Leadership Square
211 N. Robinson
Oklahoma City, OK 73102
Telephone: (405) 272-5733
Facsimile: (405) 232-2695
dlooby@cwlaw.com

ATTORNEYS FOR DEFENDANTS
BITCOIN MARKET, LLC, DUSTIN W.
DOLLAR, and TIFFANY DOLLAR

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of October, 2024, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Dane J. Flesch
BROWN & FLESCH, PLLC
136 N.W. 10th Street, Suite 201
Oklahoma City, OK 73103
dane@brownfleschlaw.com

/s/ David J. Looby
David J. Looby