# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **(1) CHRISTOPHER SMOAK,** an individual residing in California**,** | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | ) Case No. CIV-18-1096-PRW<br>) |
| **(1) BITCOIN MARKET, LLC,** an Oklahoma limited liability company; **(2) DUSTIN W. DOLLAR,** an individual residing in Oklahoma; **and (3) TIFFANY DOLLAR,** an individual residing in Oklahoma, | )<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO CLARIFY THE COURT'S ORDER GRANTING DEFAULT JUDGMENT TO PLAINTIFF AND BRIEF IN SUPPORT**

**COMES NOW,** the plaintiff, Christopher Smoak ("**Plaintiff**"), by and through his counsel of record, Dane J. Flesch of BROWN & FLESCH, PLLC, for Plaintiff's Response to Defendants' Motion to Clarify the Court's Order Granting Default Judgment to Plaintiff and Brief in Support against the defendants, Bitcoin Market, LLC, Dustin W. Dollar and Tiffany Dollar ("**Defendants**"), states and alleges as follows:

## I.
## Introduction

1. This is a breach of contract action that could have been brought in Oklahoma, however, qualified as a diversity action and as such, was filed in this Court. Basically, Defendants breached the agreement made by Plaintiff by using Plaintiff's monetary

investment to acquire certain Bitcoin for their own benefit and to the detriment of Plaintiffs.

2.  On July 24, 2019, this Court entered an Order awarding Plaintiff default judgment against Defendants in the amount of $723,143.50 [Dkt. 30].

3.  Also on July 24, 2019, the Court entered Final Judgment in this same amount [Dkt. 31] against Defendants and in favor of Plaintiff.

4.  To date, and since the entry of the Judgement, Defendants have paid Plaintiff nothing towards the Judgment and every cent plus post-judgment interest remains outstanding.

5.  On September 19, 2019 – ***more than five (5) years ago*** – Plaintiff recorded its Statement of Judgment in several counties including the Lincoln County, State of Oklahoma County Clerk's Office and in doing so, specifically and unequivocally noticed that Oklahoma Post-Judgment Interest applies pursuant to OKLA. STAT. tit. 12, § 727.1 until paid in full. *See* Dft.'s Exhibit 1 to Defendants' Motion to Clarify [Dkt. 35].

6.  Pursuant to applicable Oklahoma law, Plaintiff timely renewed his judgment on May 14, 2024, noticing the public at large as to the applicability of the same interest that has always applied to the judgment rendered against Defendants.

7.  Defendants – ***more than five (5) years later*** – now seek to "clarify" a judgment and recorded statement of judgment that they have been on notice of and aware of as a means to reduce the amounts still owed. In doing so, Defendants highlight a red herring that the Judgment itself is devoid of language even stating that post-judgment interest applies when

of course, it does as a matter of law. Specifically, Defendants are attempting to advance that the post-judgment interest applicable to the Default Judgment rendered against Defendants should be the federal rate pursuant to 28 U.S.C. § 1961 as opposed to the Oklahoma State rate pursuant to OKLA. STAT. tit. 12, § 727.1.

8. This Court should deny Defendants' requested relief because Defendants are not asking for clarification. As Defendants have paid Plaintiff nothing towards the judgment at all, Defendants are instead, asking for an advisory opinion from this Court as to a Final Judgment previously entered.

## II.
### Argument

**A. Defendants' Are Not Asking for Clarification of the Default Judgment and Instead, Are Improperly Requesting the Entry of an Advisory Opinion From the Trial Court.**

Again, Defendants aver that the applicable post-judgment rate is set by the federal statute, 28 U.S.C. § 1961. Importantly, it reads, in pertinent part: "Interest shall be allowed on any money judgment in a civil case recovered in a district court . . ." *Id*. (a). It is a non-factor that the Judgment itself does not include language that states "plus applicable post-judgment interest." Of course, in authoring a judgment or final Order document itself, it is common for the drafter (whether an attorney, judge, or court staff) to include the fact that post-judgment applies. That, however, is not necessary. This is so because as a matter of law, post-judgment interest applies to money judgments validly entered.

Here, Defendants' are not asking for clarification and instead, are requesting this

Court issue an advisory opinion on a controversy that is not in existence. Defendants' entire request is purely hypothetical and academic in nature because to date, Defendants' have paid nothing towards the obligation and Plaintiff's judgment is owed in its entirety with interest. It is an undisputed fact that the Judgment entered in this case is devoid of any language as to whether interest applies or the applicable interest rate that does apply. That said, there is no controversy or dispute as to whether Defendants' have failed to pay the judgment– of course they haven't because they have paid nothing at all.

Defendants' requested relief is premature because the parties are not at odds that Defendants' have not satisfied the judgment. The only instrument in existence that references applicable interest are Plaintiff's recorded Statement of Judgments (which were not entered or issued by this Court) and these instant proceedings. Again, there simply is no dispute or controversy in existence as whether the judgment is owed in full. Accordingly, Defendants' premature request is not ripe to be adjudicated by this Court. Defendants' request should be denied because they are requesting amendment or clarification of the judgment.

**B.      Though 28 U.S.C. § 1961 Has Been Amended, This Court Has Ruled That State Application of Interest Rate May Apply to A Judgment Creditor In Plaintiff's Circumstances.**

28 U.S.C. § 1961 goes on, in pertinent part: ". . . Execution therefor may be levied by the marshal, in any case where, **by the law of the State in which such court is held**, execution may be levied for interest on judgment recovered in the courts of the State.   . ." *Id*. (emphasis added).

4

In a published Oklahoma Western District case that has no negative treatment and has not appealed or challenged, *Continental Federal Savings & Loan Assoc. v. Delta Corp. of America*, 425 F.Supp. 371, Case No. CIV-1975-0630-D, this court addressed this identical issue. Since 1976, the statute itself has been amended but the above and relevant portion of § 1961 relied upon and referenced by this Court, it ruled in favor of the plaintiff and applied post-judgment interest to the judgment pursuant to OKLA. STAT. tit. 12, § 1971. In this case, the plaintiff brought a diversity action sounding in breach of contract and ultimately, judgment was entered in favor of Plaintiff. Upon a motion to amend judgment to provide for pre- and post-judgment interest, the Plaintiff argued the higher, State interest rate should apply and the Defendant argued in favor of the lower, Federal interest rate. This Court held that pre-judgment interest was not permitted or applicable and that is not an issue present in this case. In determining the application of post-judgment interest, the Order states:

> . . . 28 U.S.C. § 1961 provides that interest shall be allowed on money judgments in civil cases and that the rate of interest shall be the rate of interest allowed by State law. The applicable Oklahoma law, set forth in 12 Okl.Stat. 1971 § 727 provides for post-judgment interest at the rate of 10% per annum from the date of rendition of the judgment. Defendant has not objected to an award of post-judgment interest pursuant to this motion. This Court finds Plaintiff entitled to post-judgment interest as the [State] rate of ten percent (10%) per annum on the judgment entered . . . said interest to accrue from the date of the judgment . . .

*Id*. at 371.

Again, while the statute has been amended since the entry of this Order, the pertinent part utilized by this Court making its ruling remains.

## III.
## Conclusion

Of course, the purpose of post-judgment interest is designated to provide full compensation to an aggrieved plaintiff as to any damages resulting from a defendant's delay in satisfying the judgment. In this case, the Defendants have benefitted mightily by virtue of holding onto assets unlawfully obtained to Plaintiffs' detriment. What interest rate applies was not provided by this Court when it rendered judgment; however, that issue is not ripe at this juncture because Defendants have failed to satisfy any portion of the judgment and there is no question the full amount with interest is still owed. This Court should deny Plaintiff's request as premature and advisory only.

        Respectfully submitted,

        */s/ Dane J. Flesch*
        Dane J. Flesch, OBA #31841
        **BROWN & FLESCH, PLLC**
        136 N.W. 10th, Suite 201
        Oklahoma City, OK 73103
        Telephone: (405) 548-1970
        Facsimile: (405) 548-1986
        Email: dane@brownfleschlaw.com
        **ATTORNEY FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

  I hereby certify that on the 18th day of October, 2024, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

David J. Looby
**CONNER & WINTERS, LLP**
1700 One Leadership Square
211 N. Robinson
Oklahoma City, OK 73102

**ATTORNEY FOR DEFENDANTS**

                */s/ Dane J. Flesch*_____
                Dane J. Flesch