## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1) CHRISTOPHER SMOAK, an individual residing in California, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) ) | Case No. CIV-18-1096-PRW |
| (1) BITCOIN MARKET, LLC, an Oklahoma limited liability company; (2) DUSTIN W. DOLLAR, an individual residing in Oklahoma; and (3) TIFFANY DOLLAR, an individual residing in Oklahoma, | ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO MOTION TO CLARIFY THE COURT'S ORDER GRANTING DEFAULT JUDGMENT AND BRIEF IN SUPPORT

COMES NOW, Defendants, Bitcoin Market, LLC, Dustin W. Dollar, and Tiffany Dollar ("Defendants"), by and through their undersigned counsel of record, David J. Looby, and, pursuant to LCvR 7.1(h), respectfully submits their Reply to Plaintiff's Response to Motion to Clarify the Court's Order Granting Default Judgment. In support thereof, Defendants state as follows:

## ARGUMENT AND AUTHORITIES

Contrary to Plaintiff's assertion, Defendants are not asking the Court for an improper advisory opinion. Clearly, there is an actual dispute between the parties as to which rate of interest applies to Plaintiff's judgment. Although Plaintiff unequivocally admitted "that the Judgment entered in this case is devoid of any language as to … the applicable interest rate that does apply," *See* Pl.'s Resp. Br., p. 4, Plaintiff still recorded his Statement of Judgment

1

in various Oklahoma counties asserting "that Oklahoma Post-Judgment Interest applies pursuant to OKLA. STAT. tit. 12, § 727.1 until paid in full." *Id*. at p. 2. Defendants dispute that § 727.1 applies to Plaintiff's judgment and asserts that the proper post-judgment interest rate is specified by federal statute – namely, 28 U.S.C. § 1961. Such dispute presents an actual controversy between the parties that has real world consequences depending on which statutory interest rate were to apply here. *See e.g. Brown v. Buhman*, 822 F.3d 1151, 1165-66 ("The crucial question is whether granting a present determination of the issues offered will have some effect in the real world."). It is certainly not "hypothetical or academic in nature" that Plaintiff's judgment is presently accruing post-judgment interest and the statutory interest rate ultimately applied by this Court will determine the amount Defendants are required to pay on that judgment.

Plaintiff's argument is simply without merit as this Court clearly retains jurisdiction to resolve this dispute and decide the applicable interest rate. The fact that Plaintiff has recorded the judgment with various county clerk offices in Oklahoma in aid of execution does not strip this Court of jurisdiction to take action in this case to "manage its proceedings, vindicate its authority, and effectuate its decrees." *See Altas Biologicals, Inc. v. Kutrubes*, 50 F.4th 1307, 1318 (10th Cir. 2022). That authority includes correcting any clerical mistakes and omissions found in a final judgment pursuant to Rule 60(a). *See* Fed. R. Civ. P. 60(a). Such clerical mistakes, which include not specifying the proper statutory rate of post-judgment interest, may be corrected by this Court at any time. *See Morrison Knudsen Corp. v. Ground Improve. Techniques, Inc.*, 532 F.3d 1063, 1085 (10th Cir. 2008) ("This court has held, pursuant to … Rule 60(a), clerical mistakes in judgments may be corrected by the court at any time."); *McNickle v. Bankers Life & Cas. Co.*, 888 F.2d 678, 682 (10th Cir. 1989)

(finding where "the [post-judgment] rate is not specified, the court may specify, in response to a Rule 60(a) motion, the appropriate rate at any time."). As such, Defendants' request is not premature as Rule 60(a) relief can be requested at any time despite the judgment at issue being entered "more than five (5) years ago" and is certainly not dependent upon Defendants having satisfied the underlying judgment.

Defendants do not dispute that Plaintiff is entitled to post-judgment interest in this matter. However, Plaintiff cannot be permitted to essentially award himself a higher rate of interest under § 727.1 when this Court never addressed the issue in its Order. It is simply astounding that Plaintiff opposes having this Court determine the proper rate of interest that applies to his judgment. Defendants assume that Plaintiff's opposition to such determination lies in the fact that the Tenth Circuit has expressly held that in cases founded on diversity jurisdiction (such as here), the post-judgment interest rate is established by federal law, not state law. *See Youngs v. American Nutrition, Inc.*, 537 F.3d 1135, 1146 (10th Cir. 2008) (finding that in a diversity action the post-judgment rate is set by federal law); *see also Everaard v. Hartford Acc. & Indem. Co.*, 842 F.2d 1186, 1193-94 (10th Cir. 1988) (applying the federal post-judgment rate under 28 U.S.C. § 1961 in a diversity action rather than the higher state rate authorized under Okla. Stat. tit 12, § 727); *In re Riebesell*, 586 F.3d 782, 794 n. 11 (10th Cir. 2009) ("[I]n cases founded on diversity jurisdiction, the post-judgment interest rate on a federal court judgment is established by federal law, not state law."); *Gillespie v. Sachse*, No. CIV-19-1017-G, 2020 WL 6051307, at *2 (W.D. Okla. Oct. 13, 2020) (holding in a diversity action for breach of contract that "[p]ostjudgment interest shall accrue at the rate specified by federal statute" under 28 U.S.C. § 1961). "Under § 1961, post-judgment interest is mandatory and cannot be withheld by a district court or set by the court

3

at a rate different from the rate specified by the statute." *Hosier v. Citigroup Global Markets, Inc.*, 858 F.Supp.2d 1206, 1209 (D. Colo. 2012) (citing *Newmont U.S.A. Ltd. v. Ins. Co. of N. Am.*, 615 F.3d 1268, 1277 (10th Cir. 2010). Accordingly, these authorities demonstrate that the post-judgment interest rate under § 1961 applies to Plaintiff's judgment.

Plaintiff misconstrues § 1961 by cherry-picking language related to the utilization of state execution procedures to collect on his judgment. *See* Pl.'s Resp. Br., p. 4. Indeed, § 1961 contemplates that interest on a "money judgment" may be subject to "lev[y] by the marshal, in any case where, by the law of the State in which such court is held, execution may be levied for interest on judgments recovered in the courts of the State." 28 U.S.C. § 1961(a). Thus, as the statute instructs, a plaintiff could look to Oklahoma's law on execution when enforcing the judgment rendered. However, state procedural laws governing execution have no bearing on the rate of post-judgment interest. *See* Fed. R. Civ. P. 69(a)(1) ("The procedure on execution – and in proceedings supplementary to and in aid of judgment or execution – must accord with the procedure of the state where the court is located, *but a federal statute governs to the extent it applies*.") (emphasis added). Here, § 1961 applies with respect to post-judgment interest, and it therefore governs. Oklahoma's procedural rules on execution are simply irrelevant concerning the post-judgment interest rate on Plaintiff's judgment. In other words, Plaintiff cannot circumvent § 1961 and obtain a higher interest rate simply by recording a federal judgment with a county clerk's office.

Plaintiff's reliance on *Continental Federal Savings & Loan Assoc. v. Delta Corp. of America*, 425 F.Supp. 371 (W.D. Okla. 1976) is also misplaced. As admitted by Plaintiff, this case was decided prior to § 1961 being amended to remove the requirement that the rate of interest on a federal judgment shall be the rate of interest allowed by state law. *See* Pl.'s

Resp. Br., p. 5-6. Now, post-judgment interest is determined "from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." 28 U.S.C. § 1961(a). In addition, the *Continental* case was also decided prior to the Tenth Circuit's holding in *Everaard* whereby the circuit court adopted the application of the federal post-judgment interest rate in diversity actions "noting the congressional desire to establish a uniform rate applicable to money judgments recovered in federal court." *Everaard*, 842 F.2d at 1193-94. Although the *Continental* case remains relevant with respect to Oklahoma law controlling the right to recover the rate of pre-judgment interest in a breach of contract diversity action, it has absolutely no application or relevance on the determination of post-judgment interest. The *Continental* case has been effectively overruled by subsequent Tenth Circuit precedent such that § 1961 governs in this matter. *See Everaard*, 842 F.2d at 1193-94; *Youngs*, 537 F.3d at 1146; *Mid Atlantic Capital Corp. v. Bien*, 956 F.3d 1182, 1208 (10th Cir. 2020) ("[f]ederal law sets the rate at which postjudgment interest accrues on civil judgments in federal court.").

There is no evidence in the record that the parties contracted for a different post-judgment interest rate to apply to Plaintiff's judgment. *See Society of Lloyd's v. Reinhart*, 402 F.3d 982, 1004 (10th Cir. 2005) (establishing an exception to § 1961 where parties may agree to apply a different post-judgment interest rate provided the parties express such intent through "clear, unambiguous and unequivocal language."). As such, the interest rate published by the Board of Governors of Federal Reserve System for the calendar week preceding the date of Plaintiff's judgment applies here. *See* 28 U.S.C. § 1961(a). Said interest rate in effect on July 19, 2019 (the week preceding the date of judgment) was 1.95%

per annum. *See* Def.'s Mtn. to Clarify, Ex. 3, Post-Judgment Interest Rates – 2019. In that regard, Defendants respectfully request that this Court clarify its prior Order and Default Judgment to reflect a post-judgment statutory interest rate of 1.95% on the award of $723,143.50 accumulating from July 24, 2019 until paid in full.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court GRANT their Motion to Clarify the Court's Order; enter a post-judgment interest rate of 1.95% on the award of $723,143.50 accumulating from July 24, 2019 until paid in full pursuant to Rule 60(a); and all such other and further relief as this Court may deem just and proper.

Respectfully submitted,

/s/ David J. Looby
David J. Looby, OBA #20756
CONNER & WINTERS, LLP
1700 One Leadership Square
211 N. Robinson
Oklahoma City, OK 73102
Telephone: (405) 272-5733
Facsimile: (405) 232-2695
dlooby@cwlaw.com

ATTORNEYS FOR DEFENDANTS
BITCOIN MARKET, LLC, DUSTIN W.
DOLLAR, and TIFFANY DOLLAR

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 23rd day of October, 2024, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Dane J. Flesch
BROWN & FLESCH, PLLC
136 N.W. 10th Street, Suite 201
Oklahoma City, OK 73103
dane@brownfleschlaw.com

/s/ David J. Looby
David J. Looby