# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHRISTOPHER SMOAK, | ) |
| Plaintiff, | ) ) ) |
| v. | )  Case No. CIV-18-01096-PRW |
| BITCOIN MARKET, LLC, et al., | ) ) ) |
| Defendants. | ) |

## ORDER

Before the Court is Defendants' Motion to Clarify the Court's Order Granting Default Judgment to Plaintiff (Dkt. 35), Plaintiff Christopher Smoak's Response (Dkt. 36); and Defendants' Reply (Dkt. 37). For the reasons that follow, the Court **GRANTS** the Motion (Dkt. 35).

### *Background*

The undisputed facts are as follows. On July 24, 2019, this Court entered default judgment in Smoak's favor against Defendants in the amount of $723,143.50. (Dkts. 30–31). Although "[p]ostjudgment interest from the entry of the district court's judgment is mandatory[,]"[1] the Judgment did not explicitly award post-judgment interest, and it was silent as to the applicable interest rate. In September of 2019, Smoak recorded a Statement of Judgment in the Lincoln County Clerk's Office, in which he stated that "interest on the

---

[1] *Bancamerica Com. Corp. v. Mosher Steel of Kan., Inc.*, 103 F.3d 80, 81 (10th Cir. 1996).

1

judgment began accruing on July 24th, 2019, at the statutory rate for 2019 then accruing pursuant to Title 12 O.S. §727.1 until the judgment is paid in full."[2] On May 14, 2024, Smoak renewed its judgment with the Pottawatomie County Clerk's Office, again asserting the same state-law interest rate.[3] Defendants maintain that the post-judgment interest rate should be based on the federal rate set by 28 U.S.C. § 1961. Accordingly, they now move the Court to clarify its judgment pursuant to Federal Rule of Civil Procedure 60(a) to specify the applicable post-judgment interest rate.

### *Legal Standard*

Under Rule 60(a), the Court "may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." "A district court is not permitted, however, to clarify a judgment pursuant to Rule 60(a) to reflect a new and subsequent intent because it perceives its original judgment to be incorrect."[4] Rather, a court's correction under Rule 60(a) must "reflect the contemporaneous intent of the district court as evidenced by the record."[5] Courts may specify the appropriate interest rate in response to a Rule 60(a) motion at any time.[6]

---

[2] Statement of Judgment-Lincoln County (Dkt. 35-1).

[3] Renewal of Statement of Judgment (Dkt. 35-2).

[4] *Burton v. Johnson*, 975 F.2d 690, 694 (10th Cir. 1992) (citation omitted).

[5] *Id.* (citation omitted).

[6] *See McNickle v. Bankers Life & Cas. Co.*, 888 F.2d 678, 682 (10th Cir. 1989) ("If a court's judgment states that interest is to be 'according to law' but the rate is not specified, the court may specify, in response to a Rule 60(a) motion, the appropriate rate at any time."); *see also In re Frigitemp Corp.*, 781 F.2d 324, 327 (2d Cir. 1986) (Courts may grant a Rule 60(a) motion "where the judgment has failed to include an amount of interest that the governing law requires to be automatically included in the judgment." (citations omitted)).

*Analysis*

The parties do not dispute that Smoak is entitled to post-judgment interest. Smoak opposes the Motion, however, arguing that (1) Defendants are effectively requesting an improper advisory opinion and (2) the Oklahoma interest rate should be applied. Both arguments are unavailing.

**I.     A justiciable controversy exists.**

Smoak maintains that Defendants request an advisory opinion because there is no dispute that they have not made any payments towards their obligation. Courts are not to render advisory opinions, as "they are limited to deciding issues in actual cases and controversies."[7] "A justiciable controversy is distinguished from a difference or dispute of a hypothetical character or from one that is academic. The controversy must be one admitting to specific relief through a decree of a conclusive character, subject to judicial review."[8]

This dispute is not hypothetical or academic. Smoak has taken real-world steps to apply the state interest rate.[9] And although Smoak correctly asserts that the parties do not dispute that Defendants have not satisfied the judgment, the parties dispute the applicable

---

[7] *Norvell v. Sangre de Cristo Dev. Co.*, 519 F.2d 370, 375 (10th Cir. 1975) (citations omitted).

[8] *Id.* (citations omitted).

[9] *See Wyoming v. U.S. Dept. of Agr.*, 414 F.3d 1207, 1212 ("The crucial question is whether granting a present determination of the issues offered will have some effect in the real world." (citation and internal quotation marks omitted)).

interest rate, and that the interest rate must be known so that the parties know the precise amount owed by Defendants.

## II.     Federal law governs the applicable rate.

Smoak maintains that the state interest rate applies. But as Defendants correctly argue, in diversity actions such as this one, post-judgment interest is governed by federal law.[10] Smoak's reliance on 28 U.S.C. § 1961's reference to execution of the judgment being governed by state law misses the point. Section 1961 explicitly provides that "interest shall be calculated from the date of the entry of judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding." Thus, while Oklahoma law governs execution of the money judgment, it doesn't set the interest rate.[11]

To be fair, § 1961 previously provided that the applicable interest rate was to be determined according to state law. But it has since been amended to apply the above-discussed federal rate.[12] Therefore, the 1976 caselaw that Smoak points to that applied the state post-judgment interest rate is well past its good-by date.[13]

---

[10] *Youngs v. Am. Nutrition, Inc.*, 537 F.3d 1135, 1146 (10th Cir. 2008) (citing 28 U.S.C. § 1961(a)).

[11] Moreover, Federal Rule of Civil Procedure 69(a)(1) provides that "[t]he procedure on execution--and in proceedings supplementary to and in aid of judgment or execution--must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies."

[12] *See Kaiser Aluminum & Chem. Corp. v. Bonjorno*, 494 U.S. 827, 831–32 (1990).

[13] *Cont'l Fed. Sav. & Loan Ass'n v. Delta Corp. of Am.*, 425 F. Supp. 371, 372 (W.D. Okla. 1976).

4

*Conclusion*

Accordingly, the Court **GRANTS** the Motion (Dkt. 35). Because post-judgment interest is mandatory, this Order does not alter or amend the Court's prior judgment. It merely clarifies the interest rate that has been accruing under federal law since entry of judgment.

The Court **CLARIFIES** that post-judgment interest has been accruing since July 24, 2019—the date judgment was entered—at the applicable rate of 1.95%, which reflects the weekly average 1-year constant maturity Treasury yield for the calendar week ending July 19, 2019.[14] Interest shall continue to accrue at this rate, compounded annually, until the judgment is satisfied.

**IT IS SO ORDERED** this 10th day of July 2025.

_____
PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE

---

[14] *Fees and Interest Rates*, U.S. DIST. CT. FOR THE W. DIST. OF OKLA., https://www.okwd.uscourts.gov/fees-and-interest-rates (follow "Post-Judgment Interest Rates" hyperlink; then select July 24, 2019); *see also 2019 Post Judgment Interest Rates*, U.S. DIST. CT. FOR THE N. DIST. OF TEX., https://www.txnd.uscourts.gov/post-judgment-rates?Year%5Bvalue%5D%5Byear%5D=2019 (week ending July 19, 2019).